IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN LECHER-ZAPATA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CONSTRUCTION AND GENERAL<br>LABORERS UNION, LOCAL 1329,<br>et al.,<br><br>　　　　　　　Defendants. | 8:05cv440<br><br>MEMORANDUM AND ORDER<br><br>and<br><br>ORDER to SHOW CAUSE |

　　　The defendants, Construction and General Laborers Union Local 1329 ("Local 1329") and its business officers, Joel Galleno, and Gene Alessandrini, removed this action from the District Court of Lancaster County, Nebraska, where the plaintiff, John Lecher-Zapata, filed his complaint. The plaintiff, as the assignee of claims held by MWE Services, Inc., d/b/a Midwest Demolition and f/k/a Midwest Environmental, Inc. ("Midwest"), alleges a claim of intentional interference with contractual relations arising out of disputes which occurred in Houghton, Michigan during 2004.

　　　In December of 2003, Midwest entered into a contract to perform demolition work for Oscar J. Boldt Construction ("Boldt") in a renovation project on the campus of Michigan Tech University. In February of 2004, the plaintiff entered into a contract with Tweet-Garot Mechanical, Inc. ("Tweet") to perform work for Tweet on the same project. For both contracts, the plaintiff hired workers from Local 1329 as well as its own key employees.

　　　In May of 2004, Local 1329 and Midwest had a labor dispute concerning overtime. Although the dispute was eventually resolved, Local 1329 allegedly continued to complain to Boldt and Tweet, accusing Midwest of unfair labor practices. Then Local 1329 filed a claim against Boldt's payment bond on the project. As a result of the defendants' actions, Boldt and Tweet refused to make progress payments to Midwest, and Midwest lost its contract with Boldt.

　　　All events occurred in Houghton, Michigan. Local 1329 maintains its principal offices in Michigan. Joel Galleno, and Gene Alessandrini reside in Michigan. The only connection between this case and the State of Nebraska alleged in the complaint is that the plaintiff, a Nebraska resident, is the assignee of Midwest's claims against the defendants.[1]

---

　　　[1]Although not stated in the complaint, Midwest may be a Nebraska company.

1

Before the defendants removed this action to federal court, they filed a Motion to Dismiss in the Lancaster County District Court. The state court never reached the motion, and the motion is now before this court.

In their Motion to Dismiss, the defendants first allege that the plaintiff's claim under state law of intentional interference with contractual relations is preempted by federal labor law, i.e., 29 U.S.C. § 187, so that jurisdiction lies exclusively in a federal district court. Whether or not the defendants are correct, that matter is moot now that the case is in a federal district court, and the plaintiff has not moved to remand the action to state court. If the defendants are correct, the plaintiff may amend his complaint.

As their second ground for dismissal, the defendants assert that they have no contacts with the forum, and thus, the Due Process Clause of the United States Constitution prevents this court from exercising personal jurisdiction over them. The defendants are correct in part. The defendants are entitled to protection, but not dismissal of the complaint.

"Personal jurisdiction ... 'represents a restriction on judicial power ... as a matter of individual liberty.'" Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (citation omitted). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985), citing International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Due process requires that a defendant have "minimum contacts" with the forum state such that maintenance of a suit against the defendant in the forum does not offend "'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

However, now that the defendants are in a federal district court, there is no necessity to dismiss the case in order to protect their rights under the Due Process Clause. Instead, this court can transfer the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). The Western District of Michigan encompasses Houghton, Michigan, where venue lies. Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

THEREFORE, IT IS ORDERED:

1.  That the defendants' Motion to Dismiss is denied;

2.  That, because the record reveals no minimum contacts whatsoever between the defendants and the forum, the plaintiff shall file a Response to Order to Show Cause

by **November 15, 2005**, stating any reason he may have why this case should not be transferred to the United States District Court for the Western District of Michigan; and

    3.    That in the absence of a timely and sufficient showing by the plaintiff, this case will be subject, without further notice, to transfer to the United States District Court for the Western District of Michigan.

    DATED this 26th day of October, 2005.

                      BY THE COURT:

                        s/ Joseph F. Bataillon
                        JOSEPH F. BATAILLON
                        Chief District Judge